# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

    Plaintiff,

vs.                                                        No. 19-cv-960 RB-CG

KENNETH R HEINMAN,
PETER ROBERTSON, and
HON. MARK MARTINEZ,
    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint. (Doc. 1, supplemented by Doc. 5.) Plaintiff is incarcerated and proceeding *in forma pauperis*. He asserts 42 U.S.C. § 1983 claims against the judge, defense attorney, and prosecutor involved in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes Plaintiff cannot successfully sue those individuals. The Court will therefore dismiss the Complaint with prejudice.

**I.    Background**[1]

This case arises from Plaintiff's state revocation proceeding. (Doc. 1 at 2–3.) The Complaint does not specify the underlying crime of conviction or indicate why his probation was revoked. The state court docket, which is subject to judicial notice, reflects the underlying proceeding concerned aggravated assault with a deadly weapon. *See* D-202-CR-2018-03585; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). Plaintiff pled guilty to that crime in June of 2019. *See* Plea & Disposition Agreement in D-202-CR-2018-03585. The state court sentenced him to 18 months in prison, but the sentence was fully suspended. *See* Judgment in D-

---

[1] For the purpose of this ruling, the Court assumes the allegations in the Complaint (Doc. 1) are true.

202-CR-2018-03585. About a month after his release from jail, prosecutor Peter Robertson moved to revoke Plaintiff's probation. *See* Motion to Revoke, in D-202-CR-2018-03585. Public defender Kenneth Heinman acted as Plaintiff's counsel in the revocation proceeding. (Doc. 1 at 2–3, 5.) On September 12, 2019, Judge Martinez revoked Plaintiff's probation and ordered him to serve his 18-month sentence. (*Id.* at 4); *see also* Order Revoking Probation in D-202-CR-2018-03585.

Plaintiff's Complaint pertains to the revocation order. He repeatedly points out that Heinman "wrote (11 July 2019) on [the] Court Order," when the revocation hearing "took place on 9-12-19." (Doc. 1 at 3–5). The Court reviewed the revocation order, which was submitted as an attachment to a letter regarding Plaintiff's financial status. (Doc. 7 at 5.) It is clear Plaintiff takes issue with the first paragraph, which states:

> On **11 July 2019** this matter came before Pro Tem District Court Judge Mark Martinez upon State's Motion to Revoke Probation Filed on 07-03-2019, and the State appeared by Assistant District Attorney Peter A. Robertson, and the Defendant appeared with Counsel, Kenneth Heinman, and [check box] admitted violating paragraph 1 of the Motion to Revoke Probation [Alcohol], . . . the Court . . . Orders that the defendant's probation is hereby revoked.

*Id.* (emphasis added). The state court docket reflects that the revocation hearing was originally scheduled for July 11, 2019, but it was later continued to September 12, 2019. *See* Docket Sheet in D-202-CR-2018-03585.

Plaintiff either does not know about the original court date, or he does not accept it as a viable explanation for the error. He alleges "Heinman, Judge Martinez, and the District Attorney [Robertson] appears [to have] conspired and deceptively created a mockery of justice[]" by misdating the Order, and that the error constitutes "unethical wrong-doing . . . ." (Doc. 1 at 4, 5.) Plaintiff seeks $300,000 in damages from Heinman, Martinez, and Robertson under 42 U.S.C.

§ 1983.² On October 15, 2019, Plaintiff filed a supplement to the Complaint (Doc. 5.) The Complaint ends after page 8, and the supplement includes pages 9, 10, and 11 of the form § 1983 pleading. (*Compare* Docs. 1; 5.) The supplement states that Plaintiff filed a prior federal lawsuit "dealing with the same facts involved in this action." (Doc. 5 at 1.) However, that lawsuit - *Manygoat v. Prudencio*, 19-cv-347 RB/JFR - addresses a prison grievance and has nothing to do with the instant case. The Court will therefore limit its review to the Complaint in this case.

**II.    Standards Governing *Sua Sponte* Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915(e); *Brown v. Eppler*, 725 F.3d 1221, 1230 (10th Cir. 2013) (The PLRA applies to individuals who are incarcerated at the time of filing). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that

---

² In the Prayer for Relief, Plaintiff also appears to seek a "pair of crutches for [his] mobilities" and states his ADA rights were violated. (Doc. 1 at 5.) Similarly, in the section addressing the "injuries" caused by Heinman, Plaintiff states: "I have both broken tibia and fibula bones and [it is] constantly painful. And, with an incorrect date, time, and year, I encountered <u>mental distress</u> due to . . . Heinman's negligence . . . ." *Id.*

The Court declines to construe these passing references as a separate claim for deliberate indifference to medical needs. The entire Complaint focuses on how Heinman misdated the revocation order, and the only named Defendants are the lawyers involved in the revocation proceeding. Further, in a letter discussing his inability to obtain a financial statement, Plaintiff reiterates his intention to sue Heinman, and suggests he cannot obtain a statement because jail officials were incorrectly "guessing that [he is] litigating against the guards here . . . in the jailhouse." (Doc. 7 at 3.)

contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III. Discussion

Plaintiff sues the judge, prosecutor, and public defender involved in his state revocation proceeding because one of them misdated the revocation order. This claim is spurious. Plaintiff does not allege the incorrect date influenced the outcome of his revocation proceeding, nor is there any evidence in the state court docket to support that conclusion. Moreover, even if Plaintiff asserted a colorable claim, none of the Defendants are subject to suit under § 1983. Relief is only available under § 1983 when the wrongdoing is attributable to a "'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Public defenders do not act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 316–18 (1981); *Dunn v.*

4

*Harper Cty.*, 520 F. App'x. 723, 725–26 (10th Cir. 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant."). Plaintiff's claims against Heinman therefore fail as a matter of law.

Any claims against Robertson and Judge Martinez are also barred. Prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution, presenting evidence, and participating in revocation proceedings. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Bd. of Cty. Comm'rs,* 582 F.3d 1155, 1164 (10th Cir. 2009); *Carey v. Okubo*, 158 F. App'x 962, 967 (10th Cir. 2005). Judges are similarly immune from a civil rights suit based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). As a State District Judge, Martinez clearly had jurisdiction over the revocation proceeding, notwithstanding any allegations of wrongdoing. Consequently, Plaintiff cannot sue Robertson or Judge Martinez.

Finally, even if Plaintiff could successfully sue the Defendants, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the federal court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's request to be compensated for his incarceration, which he believes is invalid, necessarily attacks the revocation judgment. *See*, *e.g.*,

*Baldwin v. O'Connor*, 466 F. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district attorney who prosecuted [plaintiff] and the district court judge who presided in his case"); *Williams v. Weber Cty.*, 562 F. App'x 621, 624 (10th Cir. 2014) (applying *Heck* to bar damages for ineffective assistance of counsel).

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.    The Court Declines to *Sua Sponte* Invite an Amendment and Will Assess a Strike**

Having determined the Complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading. *See Hall*, 935 F.2d at 1110. *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not invite an amendment when any amended claims would also be subject to immediate dismissal under Rule 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the Complaint would be futile. As a matter of law, Plaintiff cannot recover money damages from the parties responsible for his revocation proceeding and incarceration. Moreover, the Court cannot grant the nonmonetary relief (*i.e.*, vacating his state sentence or ordering his release) in a § 1983 action. Challenges to a state conviction and sentence must be brought as a 28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice. The Court will mail Plaintiff a form § 2254 petition, if he wishes to seek relief from the revocation order.

This dismissal qualifies as a "strike" for purposes of the *in forma pauperis* statute. *See* 28

U.S.C. § 1915(g) (incarcerated plaintiffs accrue a "strike" for each complaint that is frivolous, malicious, or fails to state a cognizable claim). If Plaintiff accrues three or more strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); the Court assesses a strike pursuant to 28 U.S.C. § 1915(g); and a separate judgment will be entered closing the civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 28 U.S.C. § 2254 petition and a form application to proceed *in forma pauperis*.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE